UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| YUMEI LI-BACHAR,<br><br>            Plaintiff,<br>vs.<br><br>JOHNSON & JOHNSON,<br>ETHICON, INC., and ETHICON, INC.,<br><br>            Defendants. | Case No. 0:22-cv-00485-WMW-JFD |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE**

This Court should not transfer this case because venue is proper in this Court pursuant to 28 U.S.C. §1404(a) where Plaintiff's claim arose in Minnesota and key witnesses in this case are residents of Minnesota.

**FACTS**

Plaintiff Yumei Li-Bachar was a resident of Michigan when she was implanted with Defendant's transvaginal mesh in Windsor Ontario in May, 2007. Plaintiff's original complaint regarding the defectiveness of this product was part of the multi-district litigation conducted in West Virginia. As set forth in the Complaint in this case, Plaintiff agreed to dismiss that case pursuant to an order that tolled the statute of limitations for a period of time, pending the necessity of revision surgery. Those documents were attached to the Complaint in this case and are incorporated by reference herein. Unsurprisingly, Ms. Li-Bachar in fact necessitated revision surgery due to the erosion of Defendant's mesh

1

product into her urethra and surrounding tissues. Ms. Li-Bachar's revision surgery was conducted at the Mayo Clinic, in Rochester, Minnesota in April, 2021.

## Argument

The Defendants' motion to transfer venue should be denied as they have not met their burden to prove that transfer would uphold the notions of convenience and fairness. A "[p]laintiffs' choice of forum is given 'great weight' and should rarely be disturbed." *Black & Decker Corp. v. Amirra, Inc.*, 909 F. Supp. 633, 635 (W.D. Ark. 1995) (internal citations omitted). Motions for change of venue are governed by 28 U.S.C. § 1404(a), which states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Further, 28 U.S.C. § 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient." *Radisson Hotels Int'l v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). (internal citations omitted).Section 1404(a) "assumes that venue is proper in the court where the action is initially filed, and also that the court has jurisdiction over the person of the defendant." *Herschbach v. Herschbach*, 667 F. Supp. 2d 1080, 1086 (D.N.D. 2009) (quoting *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1201 (8th Cir. 1990.)) Change of venue should not be freely granted as it is not the role of the courts to play procedural hockey with available districts "at the whim of dissatisfied parties."*Id.* Because of this, movants bear a heavy burden to prove that the balance of relevant factors weighs in favor of a transfer. *Id.*

### A.   Convenience of the Parties

Courts have also consistently held that "it would be 'paradoxical' to justify transfer to the plaintiff's home state based on convenience to the plaintiff" when that plaintiff is "presumed to have assessed the convenience of the various forums in determining where to bring suit." *Ivey v. McKinley Med., L.L.C.*, No. 08-6407 (JRT/JJK), 2009 U.S. Dist. LEXIS 129375, at *11 (D. Minn. Dec. 14, 2009). This case mirrors *Burks v. Abbott Labs.*, where consumer plaintiffs brought negligence and strict liability claims involving powdered infant formula against pharmaceutical company defendants. *Burks v. Abbott Labs.*, No. 08-3414 (JRT/JSM), 2008 U.S. Dist. LEXIS 90254, at *1-2 (D. Minn. Nov. 5, 2008). Defendants then brought a motion to transfer venue out from this Court into the Western District of Louisiana, where plaintiffs resided. Much like the present case, Defendants in that action argued that venue should be transferred because plaintiffs' residence was in the transfer state. This Court was unpersuaded by that argument, reasoning that it was "reticent to question plaintiffs' choice merely because defendants believe a different forum will be more convenient for the [plaintiffs]."*Id.* at *6.  Plaintiff requests that this Court should be similarly reticent in questioning Plaintiff's choice of Minnesota as a venue and declare that Plaintiff's chosen forum inconvenient when Plaintiff has chosen this forum of her own accord and with the guidance of legal counsel.

Defendants also attempt to argue that a transfer would be more convenient as Plaintiff's lead counsel resides in Michigan. This argument fails as this Court has established that the "[t]he location and convenience of counsel are not relevant when deciding a motion to transfer venue." *Villeda v. Inland Marine Serv.*, No. 20-cv-1412

(WMW/DTS), 2021 U.S. Dist. LEXIS 57530, at *4 (D. Minn. Mar. 26, 2021). Consequently, this is a factor that should not be taken into account by the court for any reason.

### a.     Convenience of the Witnesses

Transfer would not be more convenient to the only named witness. This Court has held that "[t]he convenience of the witnesses is an important factor for the court since it determines the 'relative ease of access to sources of proof.'" *Graff v. Qwest Communs. Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). This Court has explained that the witness convenience factor "should not be determined solely upon a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts; the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Id at* 1121-22. This Court provided justification while discussing this factor in *Ivey v. McKinley Med., L.L.C.,* where this Court stated that "[w]ithout specifying which third-party witnesses defendants intend to call, it is difficult for the Court to determine how material and important their testimony will be." *Ivey v. McKinley Med., L.L.C.*, No. 08-6407 (JRT/JJK), 2009 U.S. Dist. LEXIS 129375, at *14 (D. Minn. Dec. 14, 2009).

Defendants here attempt to merely list a number of speculative individuals who *may* serve as witnesses in this action. Defendants state that "Plaintiff's treating providers" will be "[k]ey non-party fact witnesses." Doc. 14 at 5.  Notably missing from this statement is a specification of who these treating providers will be nor a general statement of what their testimony will cover, which completely disregards the standard set in *Graff*. Defendants

4

also state that "Plaintiff's friends and family members *may* also be witnesses" and that all of these parties "*presumably* reside in the Lansing, Michigan area and the Windsor, Ontario area." *Id.* (emphasis added). Defendants' speculation as to the identity and location of potential witnesses does not and cannot meet the "heavy burden" they must meet to prevail on this motion. *Herschbach,* 667 F.Supp.2d 1086 ("[t]he moving party bears the heavy burden of showing that the balance of factors weighs in favor of a transfer.") Not only can Defendants not rely on this mere speculation, by failing to specify which witnesses will be called and failing to produce a general statement of what their testimony will cover, Defendants have failed to meet the burden established by *Graff*.

Further, as discovery has not yet been completed in this case it is impossible for either party to know for a certainty which states witnesses will come from. Defendants began manufacturing, marketing, and selling the Gynemesh in or around 2002. Due to the sheer scale of Defendants' operation and the long length of time that this pelvic mesh business has been operating, experts in the marketing, manufacture, and sale of Gynemesh and other pelvic mesh products that Defendants' manufacture and sell may come from a multitude of states and countries.

Also, important to note is that only one witness was specifically identified by Defendants—the Minnesota physician who performed the revision procedure. (Doc. 14 at 5). While there was not a general statement of what his testimony will cover, this statement shows that the only specifically identified non-party witness in this case to this point is a Minnesota resident. As such, this factor weighs against Defendants.

### B.    Interests of Justice

The interests of justice clearly weigh against transfer when all factors are considered. The interests of justice factor is one that is "weighed very heavily" in this analysis. *Graff v. Qwest Communs. Corp.*, 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999). Several considerations are relevant to the analyzing this factor, including "the relative familiarity of the two courts with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment." *Id.*

Defendants have failed to show that litigating Plaintiff's claims in Minnesota would be considerably more expensive than litigating it in Michigan. First, the states of Michigan and Minnesota are separated by only a single state, and as such the additional cost of travel would be negligible. Second, both Defendants are currently listed as Defendants in other, similar cases within the District of Minnesota.[1] The relative financial status of Defendants is also a factor that courts consider, as the *Burks* court reasoned that those defendants were "national corporations with extensive resources and they should reasonably expect to face potential litigation in any forum in which they conduct business, including Minnesota." *Burks*, 2008 WL 4838720, at *4. Defendants in this case are similarly situated as both Johnson & Johnson and Ethicon, Inc. are national corporations with extensive resources

---

[1] Ethicon Inc is currently listed as a Defendant in two active action in this District: *Bilek v. Torax Medical, Inc*. et al, 0:21-cv-01624-DSD-ECW and *Carroll v. Torax Medical*, Inc. et al, 0:21-cv-01626-DSD-ECW. Defendant Johnson & Johnson is a multinational company that is currently listed as an Defendant in no less than 20 pending actions in the District of Minnesota.

that should reasonably expect to engage in litigation in any forum they conduct business, up to and including Minnesota.

Judicial economy would also be served by denying transfer. When analyzing this factor, Eighth Circuit courts have generally sought to keep similar cases that present the same issues in the same court because"[j]udicial economy is served by allowing related actions to proceed in the same district." *GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs.*, No. 02-1224 (RHK/AJB), 2003 U.S. Dist. LEXIS 4105, at *8 (D. Minn. Mar. 13, 2003) (quoting 17 Moore's Federal Practice § 111.13[1][o].) Allowing cases with the same issues to proceed in different district courts leads to "the wastefulness of time, energy and money that [the federal transfer statute] was designed to prevent." *Bhd. of Maint. of Way Employes Div./Ibt v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1056 (D. Neb. 2020) [internal citations omitted].

In the District of Minnesota, both Defendants Ethicon, Inc. and Johnson & Johnson are enjoined as defendants in three separate actions, all alleging injuries sustained from use of their pelvic mesh products.[2] Despite different Plaintiffs in each action, each case presents the same or similar issues with similar injuries against the same two defendants.

Regarding the familiarity with the law to be applied, Defendant is in error when it states that "Minnesota law certainly will not apply to Plaintiff's claims." (Doc. 14 at 7). This is still a question to be determined by this Court.

---

[2] *See* Bergman v. Johnson & Johnson and Ethicon, Inc., 0:20-cv-02693-KMM-JFD; Fitzgerald v. Johnson & Johnson and Ethicon, Inc., 0:21-cv-02275-WMW-ECW; Budnik v. Johnson & Johnson and Ethicon, Inc., 0:21-cv-02483-NEB-BRT.

This Circuit has recognized the legal principle that a plaintiff's choice of forum should "rarely be disturbed," and that a Court should only rule otherwise when the balance is strongly in favor of the defendant. *Reid-Walen v. Hansen,* 933 F.2d 1390, 1394-95 (8th Cir. 1991) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).) As Plaintiff has chosen Minnesota as the forum of choice, deference is given to this selection. Defendants are correct to assert that courts are to give less deference to a Plaintiff's choice forum when the Plaintiff is not a resident of the selected forum. *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972, 981 (D. Minn. 2013). However what Defendants do not consider is that "'less" deference does not mean "no deference" and they must still overcome a presumption in favor of the Plaintiff's chosen forum. *CBS Interactive*, 259 F.R.D. 398, 2009 U.S. Dist. LEXIS 36800, at *25-26 [*17] (some internal quotation marks omitted).

Here, Plaintiff received substantial medical treatment for her injuries due to use of Defendants' product in Minnesota. Plaintiff's choice of forum is most convenient to the medical professional who addressed her injury, and who is the only third-party witness specifically identified by Defendants. This creates a strong contact to weigh the interest of justice factor in her favor when combined with Plaintiff's fulfillment of the other 28 U.S.C. §1404(a) factors, shows that Plaintiff's original choice of a Minnesota venue is proper and should not be disturbed.

## Conclusion

Defendants have not alleged enough facts to overcome the presumption that Plaintiff's choice of venue is proper, and their motion for transfer of venue should be denied.

Dated: May 24, 2022                                    Respectfully Submitted,

/s/Amanda M. Williams
Daniel E. Gustafson
Amanda M. Williams
**Gustafson Gluek PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com

/s/ Alyson Oliver
Alyson Oliver (P55020)
Attorney for Plaintiff
Oliver Law Group P.C.
1647 W. Big Beaver Rd.
Troy, MI 48084
P: (248) 327-6556
F: (248) 436-3385
notifications@oliverlawgroup.com

***Attorneys for Plaintiff***